**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PAUL D.S. EDWARDS,                                            2:04-cv-01210-HDM-RJJ

       Plaintiff,

  vs.                                                                              **ORDER**

WAL-MART STORES, INC. *et al.*,

       Defendants.

_____/

    Plaintiff Paul D.S. Edwards ("Edwards") moves this court for reconsideration of its Order dated February 7, 2005 (Doc. #22), in which this court granted the defendants' motion to dismiss (Doc. #3), holding that Edwards's unauthorized credit inquiry claims under the Fair Credit Reporting Act ("FCRA") were time barred by the applicable statute of limitations, and that Edwards had failed to state a claim that fell within the tolling exception to the statute of limitations.

    In the present motion for reconsideration, Edwards contends that this court improperly relied upon <u>TRW Inc. v. Andrews</u>, 534 U.S. 19 (2001) (holding that the applicable statute of limitations runs from the date of disclosure, not from the date of discovery).

1 Edwards argues that liability does not arise, and the statute of
2 limitations does not begin to run, until the consumer notifies the
3 reporting agency of a dispute with regard to the completeness or
4 accuracy of information.  Edwards relies upon Nelson v. Chase
5 Manhattan Mortgage Corp., 282 F.3d 1057 (9th Cir. 2002).  The facts
6 in Nelson, however, are easily distinguishable from the facts in
7 TRW.  Whereas Nelson concerned the completeness or accuracy of
8 credit information, TRW concerned the improper disclosure of credit
9 information.
10      The present action is an improper disclosure action.  Here,
11 Edwards alleges that Equifax improperly disclosed his credit
12 consumer report.  Thus, this court properly relied upon the Supreme
13 Court's analysis in TRW, holding that the statute of limitations
14 runs from the date of disclosure.  Therefore, Edwards's claims
15 under the FCRA are time barred and must be dismissed.
16      Accordingly, Edwards's Motion for Reconsideration (Doc. #24)
17 is DENIED.
18      It is so ORDERED.
19      Dated this 15th day of December, 2005.

_____
SENIOR U.S. DISTRICT JUDGE